May it please the court. My name is Clarence Pollard. I represent the appellant in this matter, William Charles Torres. I would like to reserve four minutes for rebuttal if I may. Your Honors, I have several points that I'd like to clarify that I believe will be helpful for the court, including an oral motion to correct two errors that I recently discovered, one in the record and one in my brief. But I would be happy to begin with questions from the court if the court would prefer that. Counsel, would you leave a memorandum with the clerk in three copies so that each of us gets it with the specific page numbers and corrections you want to make in your brief? We'll treat it as a 28-J letter. Yes, sir. Actually, the correction for the record, I have prepared a motion already. The correction in the brief is something that I just discovered this morning and don't have a paper to support that. If you'll leave with the clerk's office, we'll get it. It's a lot easier that way. Yes, sir. Thank you. May I begin with my statement or are there questions? Your Honor, we would like to clarify three points, actually four points, that we believe we made in our opening and reply briefs and on the record. But, again, I believe it would be helpful for the court to have the clarifications that I've prepared. The first point is that it is critical for the court to understand the nature of the error of the court's ruling that the procedures of the sexual harassment law were not mandatory on the city. It's our understanding from reading Judge Brazil's opinion at tab 29 of my excerpts of record, page ER-0298, that Judge Brazil placed primary reliance on the Louis Declaration. In addition, this is important because we believe it is also or it was also the main ground for Judge Brazil's denial of additional discovery. That is set forth at tab 28 and also is noted in his more intricate hearing, which is on tab 26 of my excerpts of record at page 272. Could you back up to something for me? Yes, sir. I was a little confused, but it looked to me as though this fellow never was fired. He was accused of sexually harassing a couple of interns and was transferred and limited in what his work was, but he kept his job, kept his pay, and then he got hired for another position. That is correct, Your Honor. Is that correct? That is correct, Your Honor. We believe that the principal reason that Judge Brazil's ruling on the ---- Yes, sir. It looked to me as though, well, I'm having trouble understanding what the adverse employment action is, and it also looked to me as though the gist of his complaint is not really a Title VII violation but just that the city didn't follow its own rules for investigating and putting something in its files.  Not entirely, Your Honor. As for the first point, we believe that the sexual harassment law was violated. That is a matter that arises under state law, for which we ask the district court to accept supplemental jurisdiction. The main errors that we believe occurred are the denial of due process, as required by the sexual harassment law, and particularly the Rule 3 procedures required to be applied to those allegations by the sexual harassment law. Are you talking the state act or the federal act? This is the state act, Your Honor. Why aren't you in state court? We believe that it was ---- That's a good question, Your Honor. I don't have the answer to that. Mr. Torres filed the complaint pro se in federal court, and when I came on board later on, I believed it was appropriate to ask the court to exercise supplemental jurisdiction to resolve all the issues in one place, meaning I was aware that he had also alleged gender discrimination under Title VII. That issue was clearly properly before the federal court, and we believe that we should ask the court to exercise jurisdiction over the state law as well. Has the Title VII been resolved? Excuse me? Has the Title VII claim been resolved? No, Your Honor. We believe that they have not. Is this the final judgment? Yes, it is, Your Honor. What did he do with Title VII? Just leave it hanging there? No, Your Honor. The judge dismissed, granted summary judgment with respect to our gender claims and also rejected our attempt to amend the complaint to add race and perceived disability claims. And then dismissed the complaint and dismissed the action? Yes, that's correct, Your Honor. Okay. So to answer your question. Go ahead. The harm we believe in here is in the failure of due process as required by the sexual harassment law. We also believe that the harm in here is in Mr. Torres being. . . Due process as required by the sexual harassment law. I'm taking. . .I'm a little confused. It sounds to me as though the complaint is not really that he was denied his constitutional right of due process, but that he was denied the procedures that he was entitled to under the state sexual harassment procedure. That is correct. Is that right? Yes, that is correct, Your Honor. The city's sexual harassment law. We also believe that the harm that Mr. Torres suffered was being reassigned before there was a disciplinary hearing as required by the collective bargaining agreement. Furthermore, we believe that Mr. Torres was prevented from performing certain duties when he returned to his regular facility after four months of being at another facility, and we believe that this denial of duties or this retraction of duties was improperly based on the investigation that was not conducted properly, in part because. . . What's the harm in it? What's the adversity of the job action that looks as though it keeps his job, keeps his pay, has less work to do? In order to continue developing as a professional, I believe Mr. Torres is a licensed clinical social worker. Our position is that he should have been allowed to continue developing the skills that he was denied the use of after returning from the four-month furlough at the other facility. I thought one of your complaints was that he's got this professional blight on his personnel record. Yes, Your Honor, that is another concern that we have, that we believe that there is evidence in his personnel file that would be considered or could be considered in future actions, personal actions that he might try to undertake, and that we believe also that he was. . . There was a ceiling placed on his ability to advance in the Department of Public Health in the job that he had at the time this happened, and that he transferred out because he had no choice but to do so. He's still prohibited from treating female patients or train interns or have child client services supervised by a physician. None of that's relevant to his new job, is it? I believe that's correct, Your Honor, but I honestly don't know the answer to that question. I believe that's correct, though. Counsel, I understand why we have jurisdiction at the Court of Appeals. It's because the district court has entered a judgment. But what was the jurisdictional statute which you claim supported jurisdiction in the district court, please? Jurisdiction of the federal claims? Yes, any claim. It would be the supplemental jurisdiction pursuant to 28 U.S.C. . . . I don't have the statute in front of me, but it's stated in our complaint. Supplemental to what? To the state claim? No, to the federal. . . I thought state claims were supplemental to a federal claim. That's correct, Your Honor. The federal claim was the claim of gender discrimination under Title VII. And that was dismissed. Why not dismiss and remand the state claim to the state court? I don't know that we are allowed to, given that it has been two years since we first filed. I'm not sure that we're able to toll the running of the statute to file in state court. No, if it's remanded for further proceedings in state court, you don't lose the bar of the statute of limitations. It was not remanded. It was dismissed in its entirety. I understand. But it could have been tried out and could have been measured under state law if it were remanded to the state court. The federal court doesn't have to proceed with a state claim. I understand that, Your Honor. But I guess what I'm confused by is we asked the district court to exercise jurisdiction. The court exercised jurisdiction. And my understanding is that we can therefore appeal whatever decision the court renders. Did you have a Title VII rights to sue letter? Yes, we did, Your Honor. Okay. Although that speaks to another point that I would like to bring up ultimately, which is supplemental briefing may be required on the impact of the Morgan case that came down in June of 2002 on the question of whether any claims relating to the investigation by LaDonna Selsen in late July and early August of 1998 are before the 300-day period allowed by Title VII for the filing of claims at the EOC. That issue was not discussed by Judge Brazil, nor was it the subject of any arguments or briefing before the lower court. If I may continue, please, Your Honors. Actually, I should stop now. I have 20 seconds remaining. Thank you. Thank you. Good morning, Your Honors. May it please the Court. Katherine Porter on behalf of Apelli City and County of San Francisco. First, just to address the procedural questions that were asked, counsel regarding jurisdiction, Mr. Torres had an EEOC charge, received a rights to sue letter, filed in pro per a Title VII complaint in the district court, which also included state claims, all of which were resolved at one time by Judge Brazil in a single order that addressed the merits of procedural and otherwise of the Title VII and the state claims, and all were dismissed in one order and a judgment entered. The one issue that I want to discuss primarily is plaintiff's claim under California Government Code 815.6, which is plaintiff's claim that he was denied or that the city violated a mandatory duty that it owed him to use a specific complaint procedure to investigate the complaint that the interns made against him, and that's the procedure in San Francisco Civil Service Commission Rule 3. You argue in your brief that there's alternatives and that the agency elected the alternative it elected, and that's good enough, right? Correct. Yes, Your Honor. The rule under Government Code 815.3 is that there has to be a mandatory duty, and the district court found, and the city believes the evidence also supports, that there was no mandatory requirement that the city use Civil Service Commission Rule 3 procedure because an alternative procedure was provided for in that rule in Civil Service Commission Rule 3.6.10, which is Excerpt of Record 258. Any other problems with the case? Hmm? Any other problems from your point of view with the case? No, Your Honor. Are there any questions that I can answer to help clarify the court's view on the case or the briefing? Then I'll just rest on the briefs that the city submitted, Your Honors. Thank you, Counsel. Thank you. You reserved a moment for rebuttal. Go ahead. Your Honors, in response to counsel for the city, I would just point out page ER0244, subsection E, which mandates the use of procedures adopted by the Civil Service Commission under Rule 3 for the disposition of sexual harassment allegations in the Department of Public Health. And Gloria Louis, in her declaration, page 2 of her declaration, lines 15 through 16, explicitly acknowledges the application of the Civil Service Commission rules to, quote, review and resolve, close quote, allegations of sexual harassment in the department. So she explicitly acknowledges the use of these rules. And the purpose of her declaration seems to be just to say that it is not the Human Rights Commission that is to resolve these disputes, but rather they are to be resolved within the department. But she does not say that no other rules applied. She explicitly says these are the rules that applied in her declaration. And it is, therefore, that we believe that Judge Brazil erred in finding that she was saying that there are other procedures applied. Thank you, Counsel. Thank you. The case for the City and County of San Francisco is submitted. Do you have a question? Yes, Your Honor. I'm sorry, but will the Court require a supplemental briefing on the impact of Morgan on the original timeliness of the charge? We want supplemental briefing. We'll send you an order providing for it. Thank you. Thank you, Counsel. Next is Yance v. Peterson.
judges: Goodwin, Kleinfeld, Jones